UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Addison, # 243778, ) | C/A No. 8:13-2943-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Joseph McFadden, Warden Lieber Correctional ) | |
| Institution, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Jerome Addison ("Plaintiff") files this action complaining that his detention is illegal, and requesting mandamus relief. He proceeds *pro se* and *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d)(D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978), and a federal district court is charged with liberally construing a

complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N. Y.*, 529 F.2d 70 (2nd Cir. 1975). However, even when considered under this less stringent standard, the undersigned finds and concludes that the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background and Discussion

Plaintiff is a prisoner at Lieber Correctional Institution in Ridgeville, South Carolina. He complains that

> On 9/7/97 the Dept. of Corrections comitted (sic) the plaintiff Jerome Addison under false pretense in a non judicial determination and sentenced the plaintiff to (2) consecutive life sentences in the matter of Criminal History Case no. 84132 and did make false entries during the regulatory process reflected in FBI rapp (sic) sheet . . .

ECF No. 1 at 2.

Plaintiff seeks both mandamus and habeas relief on the basis that his two consecutive life sentences were the result of unlawful determinations. Neither form of relief is available.

Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of *its own* jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Superior Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969).

A federal district court may issue a writ of mandamus only against an employee or official *of the United States. See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner). Plaintiff's conviction is a state conviction, and all involved in his conviction and sentence were state, not federal, actors. Therefore, even if the Warden were the proper person to overturn the sentence, Plaintiff could not get mandamus relief against a state officer or employee.

With respect to his conviction and sentence, the sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after a petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241). To the extent that the complaint makes a claim for habeas relief, the Court does not address the merits of Plaintiff's arguments at this time, as a habeas petition would be successive and therefore cannot be entertained without leave from the Fourth Circuit.

Regardless of whether the particular grounds for relief presented here have been presented before, they cannot be entertained via this successive pleading. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). And "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception

3

applies.[1]  Petitioner has presented no facts that relate to any of the statutory exceptions.

The "AEDPA does not define 'second or successive'". *US v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).  The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-489 (to qualify as "successive" petition, prior petition must have been adjudicated on the merits).  *See Harvey v. Horan*, 278 F.3d 370 (4th Cir. 2002)(dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive)(abrogated on other grounds, *Skinner v. Switzer*, 131 S.Ct. 1289 (2011).

Plaintiff's first attempt to seek habeas relief was dismissed on the merits.  *See* C/A No. 2:00-2557-CWH-RSC.  Plaintiff has sought habeas relief for these sentences on at least three other occasions, in C/A Nos. 2:02-2271-CWH-RSC; 2:05-3479-HFF-RSC; and 2:08-3717-HFF-RSC.  This Court may take judicial notice of Petitioner's previous attempts to seek this relief.  *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient.").

As a result, a claim for habeas relief in the above-captioned case is subject to

---

[1] An exception applies if:
28 U.S.C. § 2244(b)(2)(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

dismissal under Rule 9 of the Section 2254 Rules, which require the permission of the Fourth Circuit to proceed on a successive habeas case.[2] *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467 (1991); Section 106 of the AEDPA, Public Law 104-132, 110 U.S.Stat. 1214; and *Bennett v. Angelone*, 92 F.3d 1336 (4th Cir. 1996). Plaintiff has alleged no such permission.

### Recommendation

The District Court should dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process for failure to state a claim on which relief may be granted. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page**.

s/ Jacquelyn D. Austin
United States Magistrate Judge

November 19, 2013
Greenville, South Carolina

---

[2] Rules Governing Section 2254 Cases in the United States District Courts, Rule 9, Second or Successive Petitions: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).