IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jerome Addison, #243778, | ) | |
| | ) | Civil Action No. 8:13-2943-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Joseph McFadden, Warden Lieber Correctional Institution, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the complaint be dismissed without prejudice and without issuance and service of process. Plaintiff was advised of his right to file objections to the Report. (ECF No. 10 at 6). Plaintiff timely filed objections. (ECF No. 16). Plaintiff has also filed motions to amend the complaint and for a stay while he exhausts his state remedies. (ECF Nos. 17 and 22).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that

case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

As set forth above, Plaintiff filed timely objections to the Report. (ECF No. 16.) However, his objections fail to address any specific, dispositive portion of the Report. The court has thoroughly reviewed the Report and Plaintiff's objections and finds no reason to deviate from the Report's recommended disposition.

Moreover, reviewing Plaintiff's motion to amend (ECF No. 17) and liberally construing it, the court finds that granting Plaintiff's motion to amend would be futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile.").[1] In his proposed Amended Complaint, Plaintiff is still seeking habeas relief (ECF No. 17 at 2), and as set forth in the Report, Plaintiff has previously brought four habeas actions. Accordingly, even if the court granted Plaintiff's motion to amend, as Plaintiff has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition, this court is without authority to entertain it. 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the

---

[1]Fed.R.Civ.P. 15(a)(1) provides, in relevant part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." In *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010), a defamation action, the Fourth Circuit Court of Appeals held that a plaintiff's right to amend his complaint once under Fed.R.Civ.P. 15(a) is absolute, irrespective of whether the amendment would prove futile. *Id*. The circuits are split on whether a plaintiff who is proceeding in forma pauperis ("IFP") under 28 U.S.C. § 1915 has an absolute right to amend. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013) (discussing split and cases). The Fourth Circuit has not addressed this issue in a published opinion. However, recently, in an unpublished per curiam decision, the Fourth Circuit affirmed a district court's decision addressing this issue. *Rutledge v. Town of Chatham*, C/A No. 10-2310414 F.App'x 568 (2011). In *Rutledge*, 2010 WL 4791840 (W.D.Va. 2010), the district court distinguished the holding in *Galustian* based upon the fact that the plaintiff was proceeding IFP. The district court noted that § 1915 allows the court to exercise a great deal of control over the claims of a plaintiff who is proceeding IFP, and the court may at any time pre-screen and dismiss claims that are frivolous or fail to state a claim. The court finds the analysis and holding set forth in *Rutledge* persuasive.

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") Accordingly, Plaintiff's motion to amend is denied. Additionally, Plaintiff's motion to stay (ECF. No. 22) is also denied because the court lacks jurisdiction over this successive petition. *Buffey v. Ballard*, 5:12CV58, 2012 WL 2675223, at *6 (N.D.W.Va. July 5, 2012) (citing *Spivey v. State Bd. of Pardons & Paroles*, 279 F.3d 1301, 1303–04 (11th Cir. 2002) (affirming district court's denial of petitioner's motion to stay in connection with second or successive habeas claim for lack of jurisdiction)).

After a thorough review of the Report and the record in this case, the court finds Plaintiff's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Plaintiff's complaint is **DISMISSED** without prejudice and without issuance and service of process for failure to state a claim. Further, for the reasons set forth above, Plaintiff's motions to amend his complaint and for a stay (ECF Nos. 17 and 22) are **DENIED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of

the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

January 30, 2014  
Anderson, South Carolina